Todd L. Nunn (SBN 320687)
todd.nunn@klgates.com
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

Cassidy T. Young (SBN 342891)
cassidy.young@klgates.com
**K&L GATES LLP**
10100 Santa Monica Boulevard, Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Attorneys for Defendant
BLUESCOPE BUILDINGS NORTH AMERICA, INC.

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| CALVIN DUGAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BLUESCOPE BUILDINGS NORTH AMERICA, INC.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br><br>**DEFENDANT BLUESCOPE BUILDINGS NORTH AMERICA, INC.'S NOTICE OF REMOVAL** |

**DEFENDANT BLUESCOPE BUILDINGS NORTH AMERICA, INC.'S NOTICE OF REMOVAL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

TO:         Clerk, United States District Court for the Eastern District of California;

AND TO:     Plaintiff Calvin Dugan;

AND TO:     Kane Moon, Allen Feghali, S. Phillip Song, Morgan Simpson, Moon Law Group PC.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant BLUESCOPE BUILDINGS NORTH AMERICA, INC., ("BlueScope") hereby removes this action, originally filed in the California Superior Court in the County of Tulare, (Case No. VCU315086) (the "State Court Action"), to the United States District Court for the Eastern District of California. In support of this removal, BlueScope states as follows:

1. As set forth below, the case is properly removed to this Court under 28 U.S.C. § 1441 because the Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), in that this matter is a civil action in which the amount in controversy exceeds the sum of $5,000,000 exclusive of costs and interest, there are more than 100 members in the putative class, and the action is between citizens of different states.

2. By filing this Notice of Removal, BlueScope does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the State Court Action, and all other defenses. BlueScope reserves the right to supplement and amend this Notice of Removal.

**Commencement and Pendency of Action in State Court.**

3. Plaintiff Calvin Dugan ("Plaintiff") filed a Class Action Complaint for Damages in Tulare County Superior Court, Case No. VCU315086, against BlueScope and other defendants on November 14, 2024 (the "Complaint"). BlueScope was served in the State Court Action with a copy of the Summons and Complaint by personal service on its registered agent on November 19, 2024. As such, service was completed on November 19, 2024, at the time of personal delivery. Cal. Code. Civ. Proc. § 415.10.

4. A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**. A true and correct copy of the Summons filed in the State Court Action is attached hereto as **Exhibit B**. A true and correct copy of the Civil Case Cover Sheet filed in the State Court

Action is attached hereto as **Exhibit C**. A true and correct copy of the Proof of Service of Summons is attached hereto as **Exhibit D**. A true and correct copy of the CT Corporation Service of Process Transmittal Summary Forms for each document served on each Defendant are attached hereto as **Exhibit E**. A true and correct copy of BlueScope's Answer to Plaintiff Calvin Dugan's Unverified Class Action Complaint in the State Court Action is attached hereto as **Exhibit F**. These materials comprise "all process, pleadings and orders served" upon BlueScope in the State Court Action. *See* 28 U.S.C. § 1446(a).

5. In the Complaint, Plaintiff seeks to certify a proposed class defined as: "All persons who worked for any Defendant in California as an hourly, nonexempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (*See* Ex. A (Complaint) ¶ 23.) The Complaint asserts eight causes of action against Defendant on behalf of Plaintiff and the putative class, including: (1) Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197]; (2) Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198]; (3) Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512]; (4) Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7]; (5) Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802]; (6) Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203]; (7) Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226]; and (8) Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]. (*See* Ex. A (Complaint) ¶¶ 30-80.)

## Basis for Removal

6. The Class Action Fairness Act ("CAFA") creates federal jurisdiction over lawsuits in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and involves a putative class that consists of more than 100 members. 28 U.S.C. §§ 1332(d)(2)(A) and (d)(5). These three requirements are satisfied.

## Diversity of Citizenship

7. 28 U.S.C. § 1332(d)(2)(A) requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." For purposes of this section, a corporation is "deemed to be

a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c)(1).

8. When this action was commenced and at the time of this Notice of Removal, Plaintiff was and is a citizen and resident of the State of California. (*See* Ex. A (Complaint) ¶ 7.)

9. Defendant alleges that BlueScope is a Delaware corporation with its principal place of business in Kansas City, Missouri, and is diverse from California citizens.

11. Because Plaintiff is a citizen of a different state than at least one Defendant, the diversity requirement set forth in 28 U.S.C. § 1332(d)(2) is satisfied.

**The Putative Class Exceeds 100 Members**

12. As noted above and according to the Complaint, the alleged putative class includes "All persons who worked for any Defendant in California as an hourly, nonexempt employee at any time during the period beginning four years before the filing of the initial complaint in this action and ending when notice to the Class is sent." (*See* Ex. A (Complaint) ¶ 23.)

13. BlueScope records show that the number of putative class members (nonexempt BlueScope employees in California) exceeds 100. As such, the putative class size requirement set forth in 28 U.S.C. § 1332(d)(5) is satisfied.

**The Amount in Controversy Exceeds $5,000,000**

14. Although the Complaint does not set forth the dollar amount prayed for, and BlueScope denies all liability alleged in the Complaint (including specifically denying all claims of Labor Code violations and specifically denying the alleged class period), if Plaintiff's claims were substantiated and completely successful, the aggregate amount in dispute would exceed $5,000,000.

15. Plaintiff alleges eight causes of action on a class basis during the putative class period, which include:

 a. Failure to Pay Minimum Wages [Cal. Lab. Code §§ 204, 1194, 1194.2, and 1197];

 b. Failure to Pay Overtime Compensation [Cal. Lab. Code §§ 1194 and 1198];

 c. Failure to Provide Meal Periods [Cal. Lab. Code §§ 226.7, 512];

 d. Failure to Authorize and Permit Rest Breaks [Cal. Lab. Code §§ 226.7];

 e. Failure to Indemnify Necessary Business Expenses [Cal. Lab. Code § 2802];

  f. Failure to Timely Pay Final Wages at Termination [Cal. Lab. Code §§ 201-203];

  g. Failure to Provide Accurate Itemized Wage Statements [Cal. Lab. Code § 226];

  h. Unfair Business Practices [Cal. Bus. & Prof. Code §§ 17200, et seq.]. (*See* Ex. A (Complaint) ¶¶ 30-80.)

  16. Based on employee and payroll data collected from BlueScope for a time period from December 1, 2020 to November 1, 2024, and reasonable assumptions, the amount in controversy in this case for these claims exceeds $5,000,000.

  17. Plaintiff's First Cause of Action alleges: "At all relevant times herein mentioned, Defendants knowingly failed to pay to Plaintiff and the Class compensation for all hours they worked." (*See* Ex. A (Complaint) ¶ 32.) BlueScope had in excess of 260 nonexempt hourly employees who worked in excess of 25,000 workweeks during the alleged class period (full analysis of complete data would show more employees and more workweeks during the alleged period). The average minimum wage during the relevant period (November 19, 2020, to November 19, 2024, (filing of Complaint)) is approximately $15.13. The following amount in controversy is calculated by reasonably assuming one hour of unpaid minimum wage per week per employee: $15.13 (average minimum wage) x 1 (unpaid regular hours per week) x 25,000 (workweeks during the alleged class period based on BlueScope data) x 2 (liquidated damages for failure to pay minimum wage) = $756,500. BlueScope reasonably alleges that the amount in controversy for Plaintiff's First Cause of Action is at least $756,500.

  18. Plaintiff's Second Cause of Action alleges: "At all times relevant hereto, Defendants failed to pay Plaintiff and the Class overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by California Labor Code § 510 and 1198. Plaintiff and the Class are regularly required to work overtime hours." (*See* Ex. A (Complaint) ¶ 44.) BlueScope had in excess of 260 nonexempt hourly employees who worked in excess of 25,000 workweeks during the alleged class period, and who collectively earned an average rate (which would differ between individuals) of at least $26 per hour. The overtime rate of 1.5 for this average hourly rate would be: $39. Although the Complaint uses language suggesting Plaintiff is alleging a more frequent violation rate for failure to pay overtime wages, the following amount in controversy is

calculated by reasonably assuming one hour of unpaid overtime per week per employee: $39 (average overtime rate) x 1 (unpaid overtime hour per week) x 25,000 (workweeks during the alleged class period based on BlueScope data) = $975,000. BlueScope reasonably alleges that the amount in controversy for Plaintiff's Second Cause of Action is at least $975,000.

19.    Plaintiff's Third Cause of Action alleges: "Defendants regularly failed to provide Plaintiff and the Class with both meal periods as required by California law." (*See* Ex. A (Complaint) ¶ 51.) Thus, Plaintiff seeks one hour of premium pay for each meal break the putative class member allegedly missed. *Id.* ¶ 52. Although the Complaint uses language suggesting Plaintiff is alleging a 100% violation rate, the following amount in controversy is calculated by reasonably assuming two meal period violations per week per employee: $26 (average hourly rate) x 2 (meal period violations per week) x 25,000 (workweeks during the alleged class period based on BlueScope data) = $1,300,000. BlueScope reasonably alleges that the amount in controversy for Plaintiff's Third Cause of Action is at least $1,300,000.

20.    Plaintiff's Fourth Cause of Action alleges: "Defendants failed to authorize Plaintiff and the Class to take rest breaks, regardless of whether employees worked more than 4 hours in a workday." (*See* Ex. A (Complaint) ¶ 55.) Thus, Plaintiff seeks one hour of premium pay for each rest break the putative class member allegedly missed. *Id.* ¶ 56. Although the Complaint uses language suggesting Plaintiff is alleging a 100% rest break violation rate, the following amount in controversy is calculated by reasonably assuming two rest break violations per workweek per employee: $26 (average hourly rate) x 2 (rest break violations per week) x 25,000 (workweeks during the alleged class period based on BlueScope data) = $1,300,000. BlueScope reasonably alleges that the amount in controversy for Plaintiff's Fourth Cause of Action is at least $1,300,000.

21.    Plaintiff's Sixth Cause of Action alleges: "Defendants' failure to pay Plaintiff and those Class members who are no longer employed by Defendants their wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code §§ 201 and 202." (*See* Ex. A (Complaint) ¶ 64.) Thus, Plaintiff seeks a penalty equal to a day's wages, for thirty (30) days, for each employee who separated from employment. *Id.* ¶ 66. There are at least 100 alleged putative class members whose employment ended during the

alleged class period. The Complaint uses absolute terms suggesting Plaintiff is alleging a 100% violation rate, so the following amount in controversy is calculated by assuming that rate: 100 (former employees) x $26 (average hourly rate) x 8 (hours per day) x 30 (maximum days for penalty) = $624,000. BlueScope reasonably alleges that the amount in controversy for Plaintiff's Sixth Cause of Action is at least $624,000.

22. Plaintiff's Seventh Cause of Action alleges: "Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements." (*See* Ex. A (Complaint) ¶ 70.) Although Plaintiff alleges a claim for actual damages, *Id.* ¶ 74, Defendant reasonably alleges an amount in controversy based on the statutory penalty at issue under Cal. Lab. Code § 226(e) of fifty dollars per employee for the initial pay period in which a violation occurs and one hundred dollars per employee for each violation in a subsequent pay period for a one-year period prior to the Complaint, not exceeding an aggregate penalty of four thousand dollars per employee. The Complaint uses absolute terms indicating Plaintiff is alleging a 100% violation rate, and such a violation rate is consistent with Plaintiff's other allegations of multiple violations relating to claims for off-the-clock, overtime, meal period, and rest break requirements. The following amount in controversy is calculated by assuming a noncompliant wage statement was issued each pay period for a one-year period prior to the filing of the Complaint: (260 (employees) x $50 (initial violation penalty) x 1 (representing initial violation for each employee)) + ($100 (second violation penalty) x 4,900 (pay periods during period qualifying for second violation penalty based on BlueScope data)) = $503,000. BlueScope reasonably alleges that the amount in controversy for Plaintiff's Seventh Cause of Action is at least $503,000.

24. BlueScope can assume an attorney fee amount of 25% of the total amount claimed by Plaintiff ($5,458,500) in the amount of: $1,364,625.

25. Calculating the amount in controversy for six of Plaintiff's eight causes of action, using reasonable assumptions if the claims were entirely successful (which Defendants deny and will contest), yields an amount in controversy of $6,823,125, which exceeds CAFA's amount in controversy requirement. If necessary, BlueScope could allege additional amounts in controversy in relation to the claims discussed and for Plaintiff's remaining claims.

26. Under CAFA, "the claims of all members of a putative class shall be aggregated" to determine the amount in controversy. *See* 28 U.S.C. § 1332(d)(6). Given that the Complaint seeks the above-described damages, exemplary damages, attorney's fees, and other relief, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and therefore satisfies the jurisdictional minimum set forth in 28 U.S.C. § 1332(d)(2).

### This Notice of Removal is Timely Filed

27. Notice of removal must generally be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *See* 28 U.S.C. §§ 1446(b)(1) and 1453(b).

28. BlueScope was served with a copy of the Summons and Complaint in the State Court Action by personal service on its registered agent on November 19, 2024. (*See* Exs. D-E.) As such, service was completed on November 19, 2024 at the time of personal delivery. Cal. Code. Civ. Proc. § 415.10. This Notice of Removal is being filed within 30 days of that date.

### The Removal Venue Is Proper

29. Removal is properly made to the United States District Court for the Eastern District of California under 28 U.S.C. § 1441(b) because the Superior Court for the State of California, County of Tulare, where the State Court Action is currently pending, is within the Eastern District of California.

### BlueScope Has Sufficient Consent

30. BlueScope is not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Necombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served. BlueScope is not required to obtain consent to remove from defendants who have not been served. *See Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendant has sufficient consent to remove the State Court Action.

**Notice to Plaintiff and State Court**

31. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California, County of Tulare.

WHEREFORE, BlueScope respectfully requests removal of the State Court Action from the Superior Court of the State of California, County of Tulare, to the United States District Court for the Eastern District of California.

Dated: December 18, 2024    K&L GATES LLP

By: *Cassidy Young*
Todd L. Nunn
Cassidy Young

Attorneys for Defendant
BLUESCOPE BUILDINGS NORTH AMERICA, INC.

8
**DEFENDANT BLUESCOPE BUILDINGS NORTH AMERICA, INC.'S NOTICE OF REMOVAL**

**Exhibits Table of Contents**

| Exhibit No. | Document |
|---|---|
| A | Complaint |
| B | Summons |
| C | Civil Case Cover Sheet |
| D | Proof of Service of Summons |
| E | CT Corporation Service of Process Transmittal Summary Forms |
| F | BlueScope's Answer to Plaintiff Calvin Dugan's Unverified Class Action Complaint |

Dated: December 18, 2024

K&L GATES LLP

By: *Cassidy Young*
Todd L. Nunn
Cassidy T. Young

Attorneys for Defendant
BLUESCOPE BUILDINGS NORTH AMERICA, INC.

9

**DEFENDANT BLUESCOPE BUILDINGS NORTH AMERICA, INC.'S NOTICE OF REMOVAL**